JOHN C. GOING *vs.* EMILIO VALLESI.

JANUARY 25, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

114

 

SWEENEY, J. This action on the case is brought to enforce a lien claimed by an attorney at law as provided by § 4377, G. L. 1923. After trial in the Superior Court the jury returned a verdict for the defendant. The case is before this court on plaintiff's exceptions. The first exception considered is the one to the decision of the trial justice denying plaintiff's motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence. The validity of this exception depends upon the following facts appearing in the record.

September 7, 1929, Michael A. Maloney was seriously injured by defendant's automobile which was being operated by his son. Mr. Maloney was taken to a hospital. Plaintiff testified that he called upon Mr. Maloney in response to a notice that he wished to see him; that, after some conversation with Mr. Maloney about the accident, it was agreed that plaintiff was to act as attorney for Mr. Maloney and to receive one-third of the value of any verdict rendered in the case and in addition $200 for services previously rendered to Mr. Maloney in his divorce case. Defendant was notified by plaintiff that he was attorney for Mr. Maloney.

October 16, plaintiff and Mr. Maloney had a conference with defendant and his son relative to settling Mr. Maloney's claim. Plaintiff then said that Mr. Maloney ought to receive $3,500 and defendant offered to pay plaintiff $25 and Mr. Maloney $48. No agreement was reached at the conference. October 31, defendant met Mr. Maloney and agreed to settle his claim. November 4, the agreement

was reduced to writing and signed. By the terms of the agreement defendant agreed to pay Mr. Maloney $290, including his hospital bill of $50. Three attorneys testified that, assuming defendant was liable for Mr. Maloney's injuries, a jury would probably award him $3,000 or $3,500 damages.

Mr. Maloney testified as a witness for defendant. He admitted that he had talked about his case with plaintiff and that plaintiff told defendant that Mr. Maloney ought to receive $3,500 for his injuries. He testified that he only engaged plaintiff to get the address of the person who had injured him; that after the conference held October 16, he called upon plaintiff to get the address of the defendant and that plaintiff said: "If you can get anything out of defendant you are a good one"; that he called on the defendant who agreed to settle the case on the terms stated in the written agreement.

Defendant testified that at the conference held October 16, plaintiff said: "See if you can't fix this matter with Maloney" and that afterwards, when Mr. Maloney called upon him, he agreed to settle by paying $290.

Plaintiff was informed of the proposed settlement between defendant and Mr. Maloney. Defendant's attorney called plaintiff on the telephone and said that defendant and Mr. Maloney were in his office and wished him to draw an agreement to settle the case for $290. Plaintiff replied that he objected to the settlement and said that he was going to claim a lien on Mr. Maloney's right of action. He did not request defendant to withhold from Mr. Maloney one-third of the amount agreed to be paid to settle the case. Defendant's attorney told defendant and Mr. Maloney what plaintiff said over the telephone and that, for ethical reasons he could not act further in the matter. Defendant and Mr. Maloney then went to a notary public who wrote their agreement to settle the case.

The trial justice submitted the case to the jury on the issues (1) whether an express contract had been made be-

tween the plaintiff and Mr. Maloney; (2) if so, had plaintiff withdrawn from the case?

In denying the motion for a new trial, the trial justice said he was of the opinion that the strong preponderance of the evidence proved that plaintiff had been retained as the attorney for Mr. Maloney; but, on the issue whether plaintiff waived his rights under his retainer and allowed defendant and Mr. Maloney to settle the case, he was of the opinion that there was sufficient evidence to sustain the verdict for the defendant and that he could not say the verdict was against the preponderance of the evidence.

Plaintiff bases his cause of action upon Mr. Maloney's agreement to pay one-third of the value of his case against defendant. He does not claim that he was entitled to receive one-third of the amount defendant agreed to pay Mr. Maloney to settle the case. The conflicting testimony on the important issue—whether plaintiff told the defendant and Mr. Maloney to try and settle their differences—presented a question of fact for the jury. The jury decided this issue in favor of defendant. The trial justice has approved the verdict. We have carefully read and considered the evidence and, as it does not appear to us that the decision of the trial justice is clearly wrong, the exception to his decision is overruled.

Defendant's attorney testified to his conversation over the telephone with plaintiff relative to the proposed settlement. Defendant and Mr. Maloney also testified as to what they heard this attorney say over the telephone to plaintiff at this time. Plaintiff urges several exceptions to the admission of this testimony. The exceptions are without merit. Plaintiff testified that he talked with the defendant's attorney over the telephone about the proposed settlement and was informed that defendant and Mr. Maloney were in his office for the purpose of settling the case. It was proper for defendant's attorney, the defendant and Mr. Maloney to testify as to their recollection of what defendant's attorney said to plaintiff at the time.

Plaintiff urges his exception to a ruling of the trial justice amending the verdict of the jury. The jury returned a verdict for the defendant. The verdict as signed by the foreman was "that the defendant did not promise" whereas it should have been "that the defendant is not guilty" as the action was case under § 4377, G. L. 1923. The trial justice did not err in his ruling. It is the duty of the court to see that the verdict of the jury is in proper form to carry out the finding of the jury and to that end the court may amend the verdict by correcting manifest errors of form so as to make the verdict conform to the intention of the jury. 38 Cyc. 1896. In *Brown* v. *Superior Court*, 51 R. I. 469, we held that the form of a verdict is a matter of procedure which is under the control of the trial court.

All of the plaintiff's exceptions are overruled. The case is remitted to the Superior Court for entry of judgment on the verdict.

*Peter W. McKiernan, Ernest L. Shein*, for plaintiff.
*Pettine, Godfrey & Cambio*, for defendant.